William J. Sullivan, J.
In this action, the plaintiff pleads three causes of action alleging libel and two alleging slander. The defendant moves to dismiss each cause for failure to state facts sufficient to constitute a cause of action.
The causes of action as pleaded are substantially similar. The first cause of action alleges that plaintiff is a corporation engaged *122 in the business of collecting delinquent accounts; that it had received from Sears Roebuck & Co. numerous accounts for collection ; and that on October 11,1962 the defendant sent a letter to Sears Roebuck & Oo. which contained the following words (italics supplied): “ Tour Mr. Thomas informed my client that he is a lawyer and that unless the entire amount of this indebtedness were paid to you by 9:00 p.m. tonight, he would personally see to it that the Sheriff of Suffolk County levied and executed upon the automobile and household furniture belonging to Mr. Nobs. As a matter of actual fact, according to Mr. Nobs, there is no docketed and entered Judgment against him in your behalf and your practices in this respect are shamefully dishonest and unethical, to say the least.”
The second cause of action alleges that defendant sent a telegram on October 12,1962 to the manager of Sears Roebuck & Co. in Huntington, N. Y., stating that “ your collection agent Thomas * * * threatened physical assault and battery to my client Nobs * * *. All of the foregoing are shamefully dishonest unethical and completely illegal in name of Sears. * * * Unlawful actions of Sears may constitute illegal abuses of process malicious prosecutions and damages.”
The third cause of action alleges that the defendant sent to the president of Sears Roebuck & Go. in Chicago a letter on October 12, 1962 containing the clause “ Mr. Thomas, an agent of your company ” and stating “ your practices are shamefully dishonest and unethical ’ ’ and containing the further statement ‘1 This entire matter and the attendant vulgar harassment, threats of violence and arrest, a so-called Sheriff’s execution (without at any time entering a Judgment) are briefly the nature and substance of how your company conducts business, and the type of irresponsible and disreputable collection agency it may have employed ” (italics supplied).
The fourth cause of action alleges that defendant had a conversation on or about October 11, 1962, with employees of Sears Roebuck & Co. during which he referred to Mr. Thomas as collection agent for Sears and said that Thomas “ threatened physical assault and battery to Mr. Nobs ”.
The fifth and final cause of action alleges that on or about October 16,1962 defendant held a conversation with a Mr. Crosset, credit manager of Sears Roebuck & Co. during which he stated: “ Your collection agent, Eastern Credit Association contacted my client Alfred Nobs, represented that it was Sears Roebuck ■& Co.’s attorney, threatened to repossess my client’s car, furniture and refrigerator and threatened my client with physical assault.”
*123 In all bnt the fifth cause of action the complaint alleges that the statements of defendant were communicated to employees of Sears; the person referred to by defendant as “ Mr. Thomas ” is an employee of plaintiff; and ‘ ‘ that the words were consequently published of and concerning plaintiff ’ ’. Each cause of action alleges that the words were false and untrue; that they were published by defendant with intent to charge and did charge plaintiff with false and deceitful practices in the conduct of its business and were intended to injure plaintiff’s reputation and deprive it of business; that by reason thereof Sears Roebuck & Co. terminated its business relationship with the plaintiff; and that the plaintiff has been injured in its good name, credit and reputation in the amount of $25,000.
The basis of defendant’s motion as to the first four causes of action is that the words complained of were not written or spoken of and concerning the plaintiff; that nowhere is the plaintiff mentioned by name. As to the fifth cause of action defendant concedes that plaintiff is named in the words complained of, but contends that the words there used are not slanderous.
The words used in the first three causes of action charge “ Mr. Thomas ” with dishonest and unethical business practices; and in the fourth cause of action charge Thomas with threatening to commit the crimes of physical assault and battery. The practices and threats made by Thomas are imputed by the defendant to Sears Roebuck as his presumed employer.
Words which impeach the integrity or business methods of a corporation are actionable (Drug Research Corp. v. Curtis Pub. Co., 7 N Y 2d 435, 440). It is apparent that at the time the words complained of were written or spoken, defendant was of the mistaken impression that Thomas was acting for Sears Roebuck & Co., and was unaware that he was an employee of plaintiff. The fact remains, however, that the words were communicated to persons who knew that the person committing the alleged offending tactics was an employee of plaintiff and not of Sears. Defendant’s words accused Thomas’ employer of shameful, dishonest and unethical business practices. The fact that he mistakenly thought the employer was Sears does not excuse him from liability to the actual employer whose practices he condemned and who has allegedly sustained loss of business as a direct result of his words. As was stated in Corrigan v. Bobbs-Merrill Co. (228 N. Y. 58, 63): “ The fact that the publisher has no actual intention to defame a particular man or indeed to injure any one, does not prevent recovery of compensatory damages by one who connects himself with the publication * * *. The question is not so much who was aimed at, as who was hit.” *124 (Italics supplied.) In the same opinion, the court stated (p. 65): “ the plaintiff recovers damages if he proves that the words apply to him and that his reputation has been injured, whether such injury is the result of defendant’s evil disposition towards him or a mere concatenation of adventitious circumstances.”
The decision in Harwood Pharmacal Co. v. National Broadcasting Co. (9 N Y 2d 460) also sustains plaintiff’s position. In that case, the plaintiff was the manufacturer of a product known as “ Snooze ”. During a television program a performer without mentioning plaintiff by name displayed an object purporting to be a package of Snooze and made derogatory statements about it which the court held could be of so defamatory a nature as to directly affect plaintiff’s credit and occasion pecuniary injury. The following statement in the opinion at page 464 is pertinent here: ‘ ‘ It is not of importance that the television actor did not mention plaintiff by name. The theory of action is that the manufacturer was directly defamed and that plaintiff was the manufacturer.” In the present case the theory of plaintiff’s action is that the words published by defendant were aimed at the employer of Thomas; that such employer was defamed; that plaintiff was that employer; and that by reason of the premises it has lost its business relationship with Sears Roebuck & Co., to its pecuniary damage. Further authority that a publication may be defamatory without naming the person defamed is found in Prosser, Torts wherein we find the following statement (§ 92, p. 583): “ A publication may clearly be defamatory as to somebody, and yet on its face make no reference to the individual plaintiff. In such a case the plaintiff must sustain the burden of pleading and proof, by way of ‘1 colloquium ’ ’, that the defamatory meaning attached to him. If he fails to do so, he has not made out his case. He need not, of course, be named, and the reference may be an indirect one; and it is not necessary that every listener understand it, so long as there are some who reasonably do.”
In this case the “ listener ” was Sears Roebuck who knew that when the defendant was complaining of the tactics used by Mr. Thomas’ employer, he was not complaining of Sears but rather of the plaintiff to whom the account had been turned over for collection.
As to the fifth cause of action, the words imputed to the defendant charge the plaintiff directly with threatening to commit a crime (i.e., physical assault) and therefore are actionable per se.
Motion to dismiss complaint as failing to state a cause of action is denied.